IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DANIEL AND MANUELA GALLIMORE,
PARENTS AND NEXT FRIENDS OF W.S.G.,
a minor,
      Plaintiffs,

v.                                                          Civil Case No. 3:14cv009

HENRICO COUNTY SCHOOL BOARD,

DIANE R. SAUNDERS,

and

ROBERT A. TURPIN, III,
      Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on the defendants' motions to dismiss. (Dk. Nos. 8 and 10.) On February 11, 2013, defendants Robert A. Turpin III, ("Turpin") and Diane R. Saunders ("Saunders") searched W.S.G.,[1] a student at Hermitage High School, for drugs. W.S.G. asserts two counts against the defendants. First, W.S.G. alleges Fourth Amendment violations against: the Henrico County School Board; Turpin, the Assistant Principal of Hermitage High School; and Saunders, Hermitage High School's Associate Principal. Second, W.S.G. alleges assault and battery claims arising under Virginia law against Turpin and the School Board.

The Court GRANTS the motions to dismiss the Fourth Amendment violation against Turpin and the School Board, but DENIES the motions as to Saunders. As to the assault and

---

[1] Although the plaintiffs in this case are the parents of W.S.G., who is a minor, the Court will refer to the plaintiffs simply as W.S.G.

battery claim, the Court GRANTS the motions to dismiss the assault and battery claim against both Turpin and the School Board.

## I. Facts[2]

On February 11, 2013, Turpin and Saunders received reports from two parents that a longhaired student had smoked marijuana on a Hermitage High School bus that morning. That afternoon, Turpin brought W.S.G. to Saunders' office. W.S.G. did not know why Turpin summoned him to the office. W.S.G. emptied his pockets, and, before offering an explanation, Turpin initiated a search. Turpin patted down W.S.G.'s person and searched W.S.G.'s backpack, shoes, and pockets. Saunders searched W.S.G.'s Vaseline jar, a sandwich wrapper, and cell phone. Saunders broke the lid of the Vaseline jar while searching it, but did no other damage. Saunders and Turpin found no marijuana on W.S.G., and they sent him back to class.

## II. Discussion

### A. Fourth Amendment Claim Against Turpin and Saunders

#### i. Fourth Amendment Protections

"[T]he Fourth Amendment applies to searches conducted by school authorities . . . ." *New Jersey v. T.L.O*, 469 U.S. 325, 337 (1985). "[F]or searches by school officials 'a careful balancing of governmental and private interests suggests that the public interest is best served by a Fourth Amendment standard of reasonableness that stops short of probable cause.'" *Safford Unified Sch. Dist. No. 1 v. Redding*, 557 U.S. 364, 370 (2009) (citing *New Jersey v. T.L.O*, 469 U.S. 325, 340–41 (1985)). "Determining the reasonableness of any search involves a twofold inquiry: first, one must consider 'whether the . . . action was justified at its inception,' second,

---

[2] Following settled law, the Court views the facts as alleged in the complaint in the light most favorable to W.S.G. *See De Sole v. United States*, 947 F.2d 1169, 1171 (4th Cir. 1991). At this stage of the case, W.S.G. only needs to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

one must determine whether the search as actually conducted 'was reasonably related in scope to the circumstances which justified the interference in the first place.'" *T.L.O.*, 469 U.S. at 341 (citing *Terry v. Ohio,* 392 U.S. 1, 20 (1968)). In school settings, to justify a requires "a moderate chance of finding evidence of wrongdoing." *Safford Unified Sch. Dist. No. 1*, 557 U.S. at 371. Further, the search "will be permissible in its scope when the measures adopted are reasonably related to the objectives of the search and not excessively intrusive in light of the age and sex of the student and the nature of the infraction." *T.L.O*, 469 U.S. at 342.

Both Turpin and Saunders had justification for the inception of the search. Needing only a moderate chance of finding evidence of wrongdoing, the administrators' receipt of information from two parents concerning a student with long hair smoking marijuana on a bus justified the search of W.S.G. at its inception.[3] *See Safford Unified Sch. Dist. No. 1*, 557 U.S. at 371.

As to the reasonableness of the scope of the search, Turpin's pat down of W.S.G. and the search of his backpack, shoes, and pockets were all reasonable in scope because W.S.G. could have hidden drugs in these places. *See id.* at 374. Additionally, the search of W.S.G.'s belongings occurred in W.S.G.'s presence and in the relative privacy of an administrator's office, thus limiting the intrusion. *See id.* Saunders' searches of W.S.G's Vaseline jar and sandwich wrapper were also reasonable, as she could have found drugs in these places.

Saunders' search of W.S.G.'s cell phone, however, based on the facts alleged by W.S.G., exceeded the scope of a reasonable search initiated to find drugs. Unlike the sandwich wrapper or the Vaseline jar, the cell phone could not have contained drugs. The search of the cell phone was, therefore, not "reasonably related" to the objective of the search—finding evidence of drug

---

[3] The complaint implicitly admits that W.S.G. had something approaching long hair. Neither the complaint nor W.S.G.'s briefs suggest that he did not have long hair.

3

use on the school bus earlier that day. Accordingly, only the search of the cell phone by Saunders has been sufficiently pled by W.S.G. as a Fourth Amendment violation.[4]

### ii. Qualified Immunity as to Saunders

Because this Court finds that Turpin's search of W.S.G. did not violate the Fourth Amendment, the Court need not consider whether qualified immunity attaches to his actions.

As to Saunders, however, qualified immunity could still protect her from suit. "A school official searching a student is 'entitled to qualified immunity where clearly established law does not show that the search violated the Fourth Amendment.'" *Id.* at 377 (quoting *Pearson v. Callahan*, 555 U.S. 223, 243–44 (2009)). "To be established clearly, however, there is no need that 'the very action in question [have] previously been held unlawful.'" *Id.* (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). The Court makes this determination in light of the information the government official in question possessed at the time. *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "[W]here no reasonable officer could believe he was acting in accordance with [a clearly established constitutional right], qualified immunity will not attach." *Pinder v. Johnson*, 54 F.3d 1169, 1173 (4th Cir. 1995). The government official "should prevail on an assertion of qualified immunity if a reasonable [official] possessing the same information *could* have believed that his conduct was lawful." *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991) (emphasis in original) (citing *Anderson*, 483 U.S. at 641).

According to the facts alleged in the complaint, Saunders lacked a sufficient basis for searching W.S.G.'s phone. Common sense dictates that a school administrator cannot claim to

---

[4] The Court does not suggest that Saunders did not have reasonable cause to check the cell phone's contents. For instance, she could have had reason to suspect that text messages or telephone calls stored in the phone would disclose a marijuana supplier or purchaser in the school. On the record before the Court, however, no such facts justify the search. She may, of course, assert additional facts in a motion for summary judgment, when the Court will view both sides of the case.

4

look for marijuana and then look through a student's cell phone. No reasonable school administrator could believe that searching a student's cell phone would result in finding marijuana—the purpose for which the administrator initiated the search. Students have a Fourth Amendment right to be free from unreasonable searches and seizures by school administrators. *See T.L.O*, 469 U.S. at 333. "Although the meaning of 'unreasonable searches and seizures' is different in the school context than elsewhere, it is nonetheless evident that there must be some basis for initiating a search. A reasonable person could not believe otherwise." *Klump v. Nazareth Area Sch. Dist.*, 425 F. Supp. 2d 622, 641 (E.D. Pa. 2006). Taking the facts in the light most favorable to W.S.G., Saunders lacked a basis for initiating a search of his phone and thus qualified immunity does not attach to Saunders' search of the cell phone.

### B. Failure to Train Claim Against the School Board

W.S.G. alleges a claim against the Henrico County School Board for failing to properly train school administrators on how to search students. A plaintiff must prove three elements in order to succeed on a failure to train claim: "(1) [that] the subordinates actually violated the plaintiff's constitutional or statutory rights; (2) [that] the supervisor failed to train properly the subordinates thus illustrating a 'deliberate indifference' to the rights of the persons with whom the subordinates come into contact; and (3) [that] this failure to train actually caused the subordinates to violate the plaintiff's rights." *Brown v. Mitchell*, 308 F. Supp. 2d 682, 701 (E.D. Va. 2004); *see City of Canton v. Harris*, 489 U.S. 378, 388 (1989); *Lytle v. Doyle*, 197 F. Supp. 2d 481, 495 (E.D. Va. 2001).

A plaintiff can allege the second element—the deliberate indifference element of a failure to train claim—in two ways. First, "[m]unicipal liability for a failure to train may be proper where it can be shown that policymakers were aware of, and acquiesced in, a pattern of

constitutional violations." *Canton*, 489 U.S. at 397 (O'Conner, J., concurring in part and dissenting in part). Second, "a failure to train claim also can be based on a supervisory power's failure to train its employees concerning an obvious constitutional duty that the particular employees are certain to face." *Brown*, 308 F. Supp. 2d at 704 (citing *Canton*, 489 U.S. at 390). "[T]his alternate theory of failure to train liability, of course, is only available in situations where the underlying constitutional right is quite clear and is one that the subordinates reasonably can be expected to confront with some regularity." *Id.* at 704–05. "In other words, if the supervisory power fails to train subordinates who will almost certainly encounter situations implicating the constitutional right, it is fair to state that the supervisory power has made a 'deliberate or conscious choice.'" *Id.* at 705 (quoting *Canton*, 489 U.S. at 389).

W.S.G. simply fails to state sufficient facts as to the deliberate indifference element. W.S.G. does not allege (1) the existence of a pattern of constitutional violations or (2) that the School Board failed to train school administrators in an area where there is an obvious need for training. The Court, therefore, will dismiss the School Board as a defendant in the Fourth Amendment claim. If W.S.G. has some facts to support his claim, he may move the Court for leave to amend the complaint. The Court reminds W.S.G. that it will not grant leave to amend if such an amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Laber v. Harvey*, 438 F.3d 404, 426–27 (4th Cir. 2006) (en banc).

### C. Assault and Battery Claim Against Turpin and the School Board

"A legal justification for the act being complained of will defeat an assault or battery claim." *Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009) (citing *Koffman v. Garnett*, 265 Va. 12, 574 S.E.2d 258, 261 (2003)).

Turpin initiated a search of W.S.G.'s body based on a moderate chance of finding illegal drugs. Turpin's search of W.S.G. was permissive in scope and not excessively intrusive. Thus, Turpin's touching of W.S.G. was legally justified and so the Court must dismiss this count against Turpin. Because the Court has dismissed the assault and battery count against Turpin, the School Board cannot be liable either.

### III. Conclusion

For the reasons set forth above, the Court DENIES in part and GRANTS in part the defendants' motions to dismiss. The Court DENIES the motions to dismiss the Fourth Amendment violation against Saunders, but GRANTS the motion to dismiss as to Turpin and the School Board. The Court also GRANTS the motions to dismiss the assault and battery charge.

If W.S.G. wishes to file a motion to amend his failure to train claim, he must do so ten (10) days from the date of this opinion.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

Date: August 5, 2014
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge